FILED

# COMPLAINT

2008 SEP 29  PM 12: 48

to:

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

## THE UNITED STATES DISTRICT COURT

## FOR THE MIDDLE DISTRICT OF FLORIDA, Ft. Myers Division

**ANNA KUBIT, Pro Se**

2:08-CV-738-FtM-UA-SPC

*1147 Rainbow Dr., Naples, FL 34104  |  239-293-6886*

Plaintiff,

vs.

**GOOGLE GROUPS AND ALL OTHER WEBSITES (EXHIBIT A)**

*1600 Amphitheatre Parkway, Mountain View, CA 94043  |  650-253-0000*

**KIRA KRUMM INTERIOR DESIGN**                         **JURY TRIAL REQUESTED**

*10800 Corkscrew Rd., Ste. 304, Estero, FL 33928  |  239-992-5586*

**NICO SAMARA**

*Samaratrading, Eisingahof 9, Dordrecht 3318am, Netherlands  |  648966313*

Defandants.

## JURISDICTION

There are a number of features unique to the Internet which distinguishes it from any other

medium. These features have led to the current re-examination of existing libel laws to allow for

their possible evolution and ultimately their application in cyberspace:

Anna Kubit, Pro Se  Address: 1147 Rainbow Dr., Naples, FL 34104  Phone: 239-293-6886  Email: limitlessanna@gmail.com.

"Global Nature The first feature of the Internet is its truly global nature. Presently, more than 125 countries are linked via the Internet. Theoretically, every time a third party accesses a defamatory posting on the Internet, publication has occurred, therefore jurisdiction could be anywhere in the US and internationally since the information HAS BEEN accessed by parties known to me who reside in Florida, Massachusetts, Connecticut, Dominican Republic, Cayman Islands, California and other places." (http://www.cyberlibel.com/elements.html)

Since I reside in Naples, FL and since when the posts first occurred I did reside in Naples, FL, the jurisdiction is of the Middle Court. Since the publishing is everywhere in the USA and Internationally, I believe this to be a federal case rather than just that of one state. Further, the case encompasses the 1st Amendment's Freedom of Speech, therefore I believe it's federal rather than just local civil/tort law.

Further, from my research: "Defamation laws vary from country to country and in countries such as the Canada, Australia and the United States, it can vary from province to province and state to state. Therefore, plaintiffs may have the luxury of "forum shopping" or choosing the jurisdiction in which the laws most favourable to him/her." (http://www.cyberlibel.com/elements.html)

## ALLEGATIONS

Defendant Nico Samara is suspected of publishing on over 100 websites false and malicious statement that I, Anna Kubit have HIV (See Exhibit D for negative test result) and that I am

purposely spreading it around to client and people I know. Further, the person who posted the defamation ("The Poster" herein) made comments on many websites stating that I am a psychopath, a con artist, a scammer and that I play Mind Games. Please see Exhibit B for an example of the actual post on the Internet.

Defendant Kira Krumm, owner of Kira Krumm Interior Design, past employer read the defamatory posts and fired me from my job, stating that she was afraid this could affect her and her business' reputation. I was employed with Kira Krumm as the Director of Operations.

**3** Defendants Google Groups and all other websites where the defamation currently is posted have allowed the posts to remain on the internet and proliferate (as Google Groups is a USENET, which means that the posts reposted themselves on hundreds of other websites automatically). They allowed the defamation to be published after I pleaded and asked them numerously to please remove the defamatory posts. I offered proof of my HIV negative test result and even retained the help of an attorney to write a letter (Exhibit C) requesting removal. That letter was sent to the websites, particularly Google Groups, where it's believed it originated and Google Groups failed to remove the posts for a period of **2 years,** therefore willingly publishing defamatory information about me.

### RELIEF I AM SEEKING FROM THE COURT

When the defamation first occurred in October 2006, I contacted at least 20 law firms and legal aid companies and was not able to find an attorney on contingency. Being just 22 years old at the

time, I was still pretty new out of school and my income as low. I was new to FL where I lived alone after moving from CT. I had very few funds then and over the last 2 years for an attorney, considering that cyberlibel attorneys requested a retainer of minimally $10,000 (maybe a third of my annual income, which is sporadic and not guaranteed as I am self employed) and promised no guarantees of relief.

Further, I hired 2 investigators who attempted to trace The Poster and were unable to get a trace. The Collier County Sheriff Department's Criminal Investigative Unit also worked on my case and were unable to trace The Poster. The trace ended in Paris and another one in England, suggesting it originated from Europe, which is where Defendant Nico Samara resides. Nico Samara moved to the United States about a year before the defamatory posts occurred to live with me in Florida as we were dating. We only lived together for 2 weeks when an conversation we had ended up as a Domestic Violence Case in Collier County. Nico was forced to go back to Holland and hated me for it as his email shows almost 2 years later (Exhibit E). Nico is the only person I know who had something against me. I knew that he was a specialist in computers and he always used a "secret" email account when communicating with me called supermanlives@hushmail.com, which suggests he was good at hiding his tracks. He also told me that he knew how to hide his IP (Internet address).

**RESPECTFULLY, THE RELIEF I AM SEEKING FROM THE COURT IS** first and foremost that Google Groups and the other named websites are mandated to remove the defamation immediately (cease and desist). I would also like a formal and public apology from Google Groups. I also please ask that the court mandate any search engines (mainly Yahoo and Google) publishing the defamation to remove the posts from indexing once they are removed from the websites.

Second, I would like the court to subpoena all computer records of Nico Samara as well as question him to validate that it is him who posted the malicious statements. If he is found guilty, I would like to sue him for damages including lost revenues and intentional infliction of emotional distress.

Next I would like the Court to kindly please issue me a copy of a mandate to cease and desist to publish HIV and related defamatory information about me, which I can use in the future when needed in the case that the posts resurface or that someone questions me about it. If I have a letter from the court stating that the information posted was false and defamatory, that will clear my name.

5

I then would like to sue Google Groups for not removing the posts when I repeatedly asked them to for 2 years. I believe I am entitled to at least a small amount of compensation for the emotional distress and lost business income that has resulted from them allowing these posts to remain on their Google Groups, even though I offered them VERY solid proof that I do not have HIV. If they stopped the posts when they first occurred, they would not have proliferated to hundreds of websites. I became suicidal for a period of time after the posts started. I incurred a lot of emotional pain and fear because of the posts and had to seek psychiatric and psychologist help to get my life back together. I still suffer from fears of dating, living a public business life and trusting others.

Also, I would like to sue Kira Krumm for firing me without just cause. The damages were lost wages when I needed them very much and depended on them as well as emotional distress. I understand that it is illegal to fire someone on the basis of HIV, which Kira must have assumed I had since she fired me and believed the posts.

And last, I would greatly appreciate if the court could appoint counsel for me free of charge as I am unable to afford counsel and well, a federal law suit is a bit over my head, so to say. I don't know all the laws and I don't really know how to get justice for all I experienced and continue to experience for the last 2 years.

**6** I believe that I am somehow entitled to damages, but if it is not possible for me to get compensated for all that I went through for 2 years, I will be happy with simply the permanent removal of the malicious posts and a letter from the Court that I can post on my website and give to my friends, business colleagues and family. I want to see justice not just for me, but for all the others who are facing the same problem today. I started a non profit for cyberlibel (cyberlibel.org) and I would like to be an example of justice, when I feel that no justice was there for me for a long, very long 2 years. This is a ghost that continues to haunt me and I want my good name back as I have done nothing less than honestly try to be a good person and help others in life.

Signed

ANNA KUBIT     9-22-08

MICHAEL BOVINO
Notary Public, State of Florida
Commission# DD683321
My comm. expires Aug. 09, 2010

State: FLORIDA
County: COLLIER
9/26/08

FL DL presented by Anna Kubit

Anna Kubit, Pro Se  Address: 1147 Rainbow Dr., Naples, FL 34104  Phone: 239-293-6886  Email: limitlessanna@gmail.com.