**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

ANNA KUBIT,

        Plaintiff,

v.                                          Case No. 2:08-cv-738-UA-SPC

GOOGLE GROUPS AND ALL OTHER
WEBSITES; NICO SAMARA; KIRA
KRUMM INTERIOR DESIGN,

        Defendants.

_____/

**O R D E R**

This matter comes before the Court on the Plaintiff Anna Kubit's Motion to

Proceed *In Forma Pauperis* (Doc. #2) filed on September 29, 2008.

The Plaintiff seeks to proceed *in forma pauperis* (IFP) under 28 U.S.C. §1915

which states in pertinent part, "any Court of the United States may authorize the

commencement...of any suit, action or proceeding....without prepayment of fees and

costs..., by a person who makes affidavit that he/she is unable to pay such costs..."

Further, under §1915, it is within the Court's discretion to dismiss an action if the action

is deemed "frivolous or malicious"; fails to state a claim on which relief may be granted;

or seeks monetary relief against a defendant who is immune from such relief. A

complaint is deemed frivolous if the Court finds that is lacks arguable basis in law or fact.

Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989);

Dockets.Justia.com

<u>Washington v. U.S.</u>, 2005 WL 1631971 *3 (M.D. Fla. July5, 2005)(citing 28 U.S.C.

§ 1915(e)(2)(B)(ii)).

In the instant case, the Plaintiff moves the Court to grant her IFP and to appoint

counsel.  The Plaintiff is suing Google and All Other Websites for allowing false

information regarding the Plaintiff to be published about her on the internet by a third

party.  The Plaintiff alleges that someone named Nico Samar published via Google and

other website information stating she had HIV.  According to the Plaintiff she lost her job

and had her reputation damaged by the false statements.  In accordance with 28 U.S.C.

§1915, the Court will first examine the Plaintiff's Complaint,  in its entirety,  to determine

whether an action should proceed based on the validity of the claim.  The Court considers

that the Plaintiff is proceeding *pro se* and therefore, reviews the Complaint (Doc. #1) with

a less stringent standard than those Complaints written by attorneys.  <u>Trawinski vs.</u>

<u>United Technologies</u>, 313 F.3d 1295 (11th Cir. 2002).

When the threshold question of economic eligibility is satisfied, the court then

determines whether the IFP motion should be denied because it has been filed against a

defendant who is immune from monetary relief, fails to state a claim, or is frivolous.

<u>Mosely v. Awerbach</u>, 2006 WL 2375050 *3 (M.D. Fla. August 15, 2006) (citing 28

U.S.C. § 1915(e)(2)(B)).  The Plaintiff does meet the IFP standards financially, however

her Complaint is futile because it lacks arguable basis in law.

Under the Communications Decency Act (CDA) 47 U.S.C. § 230, "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." The CDA creates a federal immunity to any cause of action that would make service providers such as Google *et. al.* liable for information originating with a third-party user of the service. Whitiney Information Network, Inc. v. Verio, Inc., WL 66724 (M.D. Fla. January 11, 2006). Thus, the Plaintiff's Complaint against Google *et. al.* is futile and should be dismissed.

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED** that the Plaintiff Anna Kubit's Motion to Proceed In Forma Pauperis (Doc. #2) is **DENIED**. The Plaintiff Anna Kubit's Complaint is hereby **DISMISSED with prejudice**. The clerk is directed to term any pending motions/deadlines and to **CLOSE** the case.

**DONE AND ORDERED** at Tampa, Florida, this 15th day of October, 2008.

        s/*Richard A. Lazzara*
        **RICHARD A. LAZZARA**
        **UNITED STATES DISTRICT JUDGE**

COPIES FURNISHED TO:
Counsel of Record