UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

RICHARD LANDON, and all
similarly situated individuals,

    Plaintiff,

v.                                                                                  Case No.: 2:08-cv-00770-UA-SPC

CATALYST CONTRACTING, INC.,
a Florida Profit Corporation, and STANLEY
A. SIKORA, Individually,

    Defendant.
_____/

## CORRECTED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, RICHARD LANDON ("Plaintiff"), on behalf of himself and other employees and former employees similarly situated, by and through undersigned counsel, files this Complaint against Defendant, CATALYST CONTRACTING, INC. ("CATALYST") and STANLEY A. SIKORA ("SIKORA") (collectively "Defendants"), and states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

### PARTIES

3. At all times material hereto, Plaintiff was, and continues to be a resident of Lee

County, Florida.

4. At all times material hereto Defendant was, and continues to be a Florida corporation. Further, at all times material hereto, Defendant was, and continues to be, engaged in business in Lee County, Florida.

5. At all times relevant to this action, SIKORA was an individual resident of the State of Florida, who owned and operated CATALYST, and who regularly exercised the authority to: (a) hire and fire employees of CATALYST; (b) determine the work schedules for the employees of CATALYST; and (c) control the finances and operations of CATALYST. By virtue of having regularly exercised that authority on behalf of CATALYST, SIKORA is an employer as defined by 29 U.S.C. 201 *et. seq.*

6. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

7. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

8. At all times material hereto, Defendants were the "employers" within the meaning of FLSA.

9. Defendants were, and continue to be, "employers" within the meaning of FLSA.

10. At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods. Further, at all times hereto Plaintiff was engaged in interstate commerce and subject to individual coverage of the FLSA.

11. The additional persons who may become plaintiffs in this action are employees

who held similar positions to Plaintiff and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

12.     At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

13.     On or about August 2006, Defendants hired Plaintiff. Plaintiff's duties primarily involved carpentry.

14.     At various material times hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a work week.

15.     From at least August 2006 and continuing through May 2008, Defendants failed to compensate Plaintiff at rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

16.     Documentation concerning the number of hours actually worked by Plaintiff and the compensation actually paid to the Plaintiff are in the possession and custody and control of Defendants.

17.     Defendants have violated Title 29 U.S.C. §207 from at least August 2006 and continuing through May 2008, in that:

    a.     Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendants;

    b.     No payments, and provisions for payment, have been made by Defendants

3

to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

    c.    Defendants have failed to maintain proper time records as mandated by the FLSA.

18.    Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

### COUNT I
### VIOLATION OF 29 U.S.C. §207
### OVERTIME COMPENSATION

19.    Plaintiff realleges and reavers paragraphs 1 through 18 of the Complaint as if fully set forth herein.

20.    From at least August 2006 and continuing through May 2008, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

21.    Plaintiff was, and is entitled to be paid at the statutory rate of one and one-half times, Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

22.    At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

23.    Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due.

24.    Defendants have failed to properly disclose or apprise Plaintiff of Plaintiff's rights

under the FLSA.

25. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

26. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

27. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees as if they were exempt from coverage under 29 U.S.C. §§201 through 219, disregarding the fact that they were not exempt.

28. Based upon information and belief, the employees and former employees of Defendants similarly situated to Plaintiff were paid straight time and expected to work in excess of forty (40) hours per week without being paid at the rate of one and one-half times their regular rate of pay for those hours exceeding forty (40) hours per week.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his/her favor against Defendants:

    a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b. Awarding Plaintiff overtime compensation in the amount due him/her for Plaintiff's time worked in excess of forty (40) hours per work week;

    c. Awarding Plaintiff liquidated damages in an amount equal to the overtime

award;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Awarding Plaintiff pre-judgment interest; and

f. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 16th day of October, 2008.

Respectfully submitted,

Andrew Frisch
FL Bar No.: 27777
MORGAN & MORGAN
7450 Griffin Road, Suite 230
Davie, Fl. 33314
Tel: 954-318-0268
Fax: 954-333-3515
E-mail: AFrisch@forthepeople.com

**Trial Counsel for Plaintiffs**